872 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward Nathaniel CARLTON, Jr., Plaintiff-Appellant,
v.
Rolf E. BERG, Defendant-Appellee.
 No. 88-1952.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1989.
 
 Before BOYCE F. MARTIN, Jr., KRUPANSKY and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Edward N. Carlton, a pro se Michigan prisoner, appeals the district court's order dismissing his civil rights suit filed pursuant 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages in the amount of $1,200,000, plaintiff sued Rolf E. Berg, a State Appellate Defender appointed to represent him in his appeal of right. He claimed Berg denied him effective assistance of counsel on appeal. The district court granted him pauper status and then sua sponte dismissed his complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 3
 Upon consideration, we conclude the district court properly dismissed plaintiff's complaint for failure to state a claim. Even construing plaintiff's complaint liberally, see Haines v. Kerner, 404 U.S. 519 (1972), it appears beyond doubt that he can prove no set of facts which would entitle him to relief. See Spruytte v. Walters, 753 F.2d 498 (6th Cir.1985), cert. denied, 474 U.S. 1054 (1986).
 
 
 4
 In order to state a claim under 42 U.S.C. Sec. 1983, a plaintiff must assert a constitutional deprivation by one who has acted under color of state law. Parratt v. Taylor, 451 U.S. 527. Because neither retained nor appointed counsel's representation amounts to state action, see Polk County v. Dodson, 454 U.S. 312 (1981), neither can be sued under Sec. 1983. Hence, plaintiff failed to state a cognizable claim under Sec. 1983.
 
 
 5
 Additionally, we conclude that while neither appointed nor retained defense counsel are immune from Sec. 1983 liability for conspiracies to deprive clients of their constitutional rights, see Tower v. Glover, 467 U.S. 914 (1984), plaintiff's vague and conclusory allegations of a conspiracy are insufficient to state a cognizable claim under 42 U.S.C. Sec. 1983. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 6
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.